# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON OWENS,
#S09026,

    Plaintiff,

vs.

Case No. 17–cv–1336–DRH

B. TRIPP,
S. KIRK,
WALSH,
TARA CHADDERTON,
CHAD FRIERDICH, and
TROST,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Brandon Owens, an inmate in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on December 22, 2016, Defendant Tripp "gave Plaintiff milk of magnesia, docusate sodium, and diagnosed Plaintiff with constipation and had [him] returned to his cell" when "Plaintiff came to [him] with [his] face wet in sweat, bent over clutching his stomach in excruciating pain." (Doc. 1, pp. 5-6). On December 23, 2016, Plaintiff came before Defendant Kirk "visibly unable to walk, complaining of unbearable pain in [his] stomach, and [Kirk] did nothing, knowing Plaintiff would

2

be given no other medical care." (Doc. 1, p. 6).

On December 23, 2016, after Plaintiff complained to Defendant Chadderton "of unbearable stomach pain stabbing in Plaintiff's abdomen," Chatterton gave Plaintiff two cups of milk of magnesia and returned Plaintiff to his cell, knowing he would not receive any other medical care. *Id.* On December 24, 2016, when Plaintiff came before Defendant Frierdich complaining of "pain beyond his ability to bare, confining Plaintiff to a wheelchair, and leaving Plaintiff nearly unable to speak," Frierdich gave Plaintiff Tylenol and put him in the hospital on a 24-hour liquid diet. *Id.*

On December 24, 2016, "when Plaintiff, confined to a wheelchair, complained of pain beyond his ability to bare" that "started radiating to Plaintiff's scrotum" while he was "nearly unable to speak," Defendant Walsh told Plaintiff that he was suffering from kidney stones. *Id.* Hours later, Plaintiff was transferred to Chester Memorial and immediately taken into surgery for a "near fatal busted appendix." *Id.* Defendant Trost was repeatedly informed, from December 22 to December 24, 2016, that "Plaintiff complained of suffering excruciating, unbearable, stabbing pain to his abdomen and scrotum, leaving Plaintiff confined to a wheelchair nearly unable to speak with a busted appendix." (Doc. 1, p. 7). Despite this, Trost did nothing until late in the afternoon on December 24, 2016. *Id.*

Plaintiff seeks monetary damages and permanent injunctive relief. (Doc. 1, p. 10).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** In December 2016, Defendants showed deliberate indifference to Plaintiff's serious medical need involving a ruptured appendix and pain associated therewith in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

At this stage, Plaintiff has stated an Eighth Amendment claim upon which relief may be granted against each of the defendants. This action will therefore proceed past threshold.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is hereby **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **TRIPP**, **KIRK**, **WALSH**, **CHADDERTON**, **FRIERDICH**, and **TROST**.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **TRIPP**, **KIRK**, **WALSH**, **CHADDERTON**, **FRIERDICH**, and **TROST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.02
16:05:07 -06'00'

**UNITED STATES DISTRICT JUDGE**

7